IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Plaintiff,

v.                                                              No. 1:25-cv-00820-SCY

STATE OF NEW MEXICO, JANE LEVY, in her
official capacity, GATTON & ASSOCIATES, P.C.,
GIDDENS AND CHRIS GATTON LAW FIRM,
DAVID GIDDENS, in his individual capacity,
CHRIS GATTON, in his individual capacity,
BURRAGE & JOHNSON, CPA'S, LLC
ACCOUNTING, JEROME JOHNSON, in his
official and individual capacities, MARTIN
PRIVATE INVESTIGATIONS, and DAVID
MARTIN, in his individual capacity,

    Defendants.

**ORDER TO SHOW CAUSE
AND ORDER GRANTING MOTION TO FILE ELECTRONICALLY**

This case arises from alleged civil rights violations occurring during a state court divorce proceeding. *See* Verified Petition for Claims Section 1983 & Section 1985 Conspiracty [sic] Against Rights Violations, New Mexico Civil Rights Act, Financial Privacy Act, Regulation P, Tortious Interference with Business Relationships, Breech [sic] of Fiduciary Duty and Injunctive Prospective Relief at 5, 8, Doc. 1, filed August 22, 2025 ("Complaint") (referencing Case No. D-202-DM-2023-00332). Plaintiff asserts claims against the State of New Mexico, the Judge presiding over the state court proceeding, the court-appointed receivers and accountant, and the process server. *See* Complaint at 1, 2 (stating Plaintiff is asserting claims "against the listed State Defendants individually through their government official capacity"), 4, 16 (stating Plaintiff "is suing the Defendants who are NM state officers").

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss claims for the reasons stated below. *See Lowrey v. Sandoval County Children Youth and Families Department*, 2023-WL-4560223 *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause.") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988)).

First, it appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages against the State and the individual Defendants in their official capacities. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state and state officials who are sued for damages in their official capacity") (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)). In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims for monetary damages against the State of New Mexico and the individual Defendants in their official capacities. That is, although Plaintiff alleges that individual Defendants are included in this lawsuit pursuant to *Ex parte Young*, Complaint at 2, he seeks not just prospective relief, but also monetary damages. Complaint at 31.

Second, it appears that the Court does not have jurisdiction over Plaintiff's claims for injunctive relief against the Defendants. "[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Clark v. Haaland*, 2024 WL 4763759 *4 (10th Cir.) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012)). Thus, the *Ex parte Young* exception does not apply to the State because it is not a state official. As to the individual Defendants in their official capacities, Plaintiff seeks prospective injunctive relief against *judicial officers*.

> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable.*" *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted).

3

*Catanach v. Thomson*, 718 Fed.Appx. 595, 597, 599-600 (10th Cir. 2017) (emphasis added). There are no allegations showing that the individual Defendants violated a declaratory decree or that declaratory relief was unavailable.

Third, it appears Plaintiff's requests for injunctive relief are barred by the Anti-Injunction Act. *See* Complaint at 31 ("Plaintiff is seeking immediate prospective relief [from] the district court's verbal orders," "Remand divorce case to impartial judge," "Refund all amounts paid to receivership and Forensic Accountant by the Plaintiff," "terminate Defendants Gatton and defendant Johnson receivership").

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). There are no allegations showing that any of the exceptions to the Anti-Injunction Act apply to this case.

Finally, it appears that Plaintiff's claims against Judge Levy are barred by judicial immunity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v.*

4

*Waco,* 502 U.S. 9, 11-12 (1991)). The complaint does not state facts showing Judge Levy lacked jurisdiction over the proceedings at issue.

Similarly, it appears that Plaintiff's claims against the court-appointed receivers and accountant are barred by judicial immunity. "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008). "[A] court-appointed receiver has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders, because enforcing a court order is intrinsically associated with a judicial proceeding." *Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 150 (10th Cir. 2009) (cleaned up). Here, Plaintiff's complaint does not state a claim that these Defendants exceeded the appointing judge's orders.

If Plaintiff agrees with the Court's analysis regarding these deficiencies in his complaint and believes these deficiencies may be remedied through an amended complaint, rather than show cause, he may amend his complaint.

**Order Granting Motion to File Electronically**

Plaintiff moved for permission to file electronically via CM/ECF, Doc. 2, which the Court grants in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New

Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, either show cause why the Court should not dismiss claims for the reasons stated above or file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of claims.

(ii) Plaintiff's Leave by the Court to Use PACER System, Doc. 3, filed August 22, 2025, is **GRANTED.**

*/s/ Steve Yarbrough*
**UNITED STATES MAGISTRATE JUDGE**